UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BRUCE JOHNSON, MICHAEL L. KING,  )
WILLIAM HARRISON, APOSTOLIC  )
ASSOCIATION ASSEMBLIES, INC., AND  )
GREATER CHRIST TEMPLE  )
APOSTOLIC CHURCH,  )
                                                                                  APPELLANTS  )
                                                                                                 )
vs.  )  CIVIL ACTION NO.: 3:17-CV-743-
                                                                                                 )  DPJ-KFB
                                                                                                 )
STEPHEN SMITH, AS TRUSTEE FOR  )
HERITAGE REAL ESTATE  )
INVESTMENT, INC.,  )
                                                                                                 )
                                                             APPELLEE  )

**APPELLANTS' RESPONSE TO SHOW CAUSE ORDER
and REQUEST FOR EXTENSION OF TIME TO FILE BRIEF OF APPELLANTS**

      COMES NOW Appellants, Apostolic Association Assemblies, Inc. ("hereinafter, AAA") and Greater Christ Temple Apostolic Church ("Christ Temple") and in response to the order to show cause, dated January 8, 2018, and request extension of time to file the Brief of Appellants. As grounds, Appellants say as follows:

      1. In the underlying action, the Chapter 7 Trustee, Stephen Smith, filed an Adversary Proceeding against AAA and Christ Temple, as Defendants. (Dkt. #1)

      2. On August 29, 2016, these two Defendants filed a Motion to Set Aside Entry of Default. (Dkt. #18)

      3. On November 9, 2016, the U.S. Bankruptcy Court for the Southern District of

Mississippi entered an order denying Defendants' [AAA and Christ Temple's] Motion to Set Aside Default Judgments.  (Dkt. #36)

    4.  On November 23, 2016, Defendants filed a Notice of Appeal.  (Dkt. #38)

    5.  On June 1, 2017, the United States District Court for the Southern District of Mississippi (in case # 3:16-CV-00929-CWR-FKB) issued an order, declaring that the appeal was premature, as it was from a non-final judgment and dismissed the appeal.  (Dkt. #56)

    6.  Subsequently, on August 30, 2017, this court issued a final judgment denying Defendants' Motion to Set Aside Default Judgment.  (Dkt. #73)

    7.  On September 13, 2017, Defendant Appellants again timely filed a Notice of Appeal.  (Dkt. #77)

    8.  On October 12, 2017, the clerk transmitted the record on appeal to the District Court and failed to send with it the transcript of the initial hearing which had been included in the prior record on appeal.  (Adv. Dkt. #88)

    9.  Prior to the transmittal of the record, Counsel for Defendants contacted the Clerk of the Bankruptcy Court and inquired whether he had to re-order the transcript as part of the record on appeal.

    10.  Counsel for Defendant was informed that it was not necessary to re-order the trial transcript on this second appeal.

    11.  Said representation cause Defendant's counsel to reasonably conclude that the transcript would be part of the record on appeal, herein.

12. Through inadvertence, Counsel for Defendant did not confirm the necessity to file a separate designation of record on the second appeal due to his conversation with the clerk, which left him with impression that the prior record, including the trial transcript al would be transmitted back to the District Court in the current appeal.

13. On October 16, 2017, counsel for Defendants made oral requests to the bankruptcy clerk to supplement this record on appeal with the items included in the prior appeal of this same matter.

14. On the same date, counsel for appellants contacted this court's law clerk about including in this case the record on appeal filed in the prior appeal.

15. On January 17, 2018, appellant's counsel filed with the Bankruptcy Court a Motion to Supplement the Record on Appeal (Dkt. #95) and a designation of Record on Appeal (Dkt. #96).

## II.  ARGUMENT

**A.  The Failure to File the Brief of Appellant is Due to Excusable Neglect.**

Federal Rule of Bankruptcy Procedure 8018 (a) (1) provides that "[t]he Appellant must serve and file a brief within thirty days after the docketing of notice that the record has been transmitted or is available electronically."  Once the court notified Appellant on September 14, 2017, that "the [t]he docketing of the record on appeal by USDC starts the briefing schedule," Appellant learned that the record on appeal did not include the transcript.  Appellants' counsel timely contacted the clerk of the bankruptcy court and explained to the clerk that this appeal was a subsequent appeal of the same issues in a

prior appeal of a order granting default judgment and requested that the court would send the trial transcript and its exhibits to this appellate Court.  The clerk informed Appellants' counsel that it was not necessary to order the transcript.  Counsel for Appellant mistakenly understood the clerks' comments to mean that the trial transcript (with exhibits) would be sent as part of this current appeal.

When Appellants counsel learned that the transcript had not been sent as part of the record of appeal, the appellants counsel contacted the clerk again on October 16, 2017.  Appellants counsel on the same day also contacted the law clerk for this court to inquire whether the former record on appeal sent in to the District Court in the first appeal, could be utilized in this appeal, since this appeal included the same documents, same trial transcript and same issues.  Appellants' counsel did not receive a response either from the clerk of the bankruptcy court or this court.

Upon receipt of the show cause order, appellant, prior to submitting this response, filed a written Request to Supplement the Record on Appeal in the bankruptcy court to supplement the record in this current case with the record that had been sent to this court in the prior appeal of the non-final order.  Without supplementation of the record, appellants' counsel was unable to prepare a brief as he was unable to cite to the trial transcript, which had been omitted from the record on appeal.  Appellant's counsel made at least three oral requests submit the same record on appeal it had submitted in the prior appeal.  The Appellants' failure to file a written motion to supplement the record was due to excusable neglect; inasmuch as, the initial response from the bankruptcy court

suggested that the same record requested in the prior appeal would be transmitted to this court.  None of the responses informed appellant's counsel that the same record on appeal could not be sent to this court.  Ultimately, Appellant's counsel file a written Designation of the Record and Motion to Supplement the Record, on Jaanuary 17. 2018.  Appellant's counsel failure to file a written designation and motion to supplement earlier was due to excusable neglect based on the foregoing facts.

    **B.  Appellants Counsel Has Demonstrated  Good Cause For Delay in Filing Appellants' Brief.**

Appellants counsel has articulated "good cause" for his delay of filing the Brief of Appellant.  The standard for evaluating excusable neglect is found in the seminal case of <u>Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993).   In <u>Pioneer</u>, the United States Supreme Court observed: "The Courts of Appeals have generally recognized that "excusable neglect" may extend to inadvertent delays.  Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect, it is clear that "excusable neglect" under Rule 6 (b) is a somewhat "elastic concept" and is not limited strictly to omissions caused by circumstances beyond the control of the movant."  507 U.S. at 391-92.  Further it held:

> "Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include, as the Court of Appeals found, the danger of prejudice to the  debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including

> whether it was within the reasonable control of the movant, and whether the movant acted in good faith."

*Id.* at 395.

In consideration of the foregoing factors, appellants have demonstrated good cause for the delay. As observed above, Appellant's counsel acted in good faith. He first made inquiry to the bankruptcy clerk about the inclusion of the trial transcript <u>before</u> the record was transmitted to this court and made a second inquiry about the transcript on October 16, 2018, long before the brief was due. Finally on January 17, 2918, Appellants filed a written request to supplement the record.

 In this case, the length of the delay has been relatively short. This Court observed in
its show cause order that "Appellants had until November 11, 2017, to file their brief. Should Appellants file their brief in early February, 2018, the delay would be less than three months. This delay does not unduly delay this case. The trustee is not prejudice by this 3 month delay, as this appeal has not forestalled the trustee from proceeding with other liquidating activities as can be seen in the case action summary of this adversary proceeding and the Chapter 7 case. Likewise, the Debtor is not prejudiced. Unless Appellants are permitted to supplement the record with the trial transcript and exhibits, Appellants would be unable to produce a cogent brief without citation to the trial transcript. The court would be aided by allowing this request supplementation of the record prior to the submission of the Brief of Appellant.

## II. **CONCLUSION**

In conclusion, Appellants request that, upon the granting of the Motion to Supplement the Record and its transmittal to this Court, Appellants be allowed two weeks, therefrom, to file The Brief of Appellants.  This request will not unduly delay the case nor prejudice the Appellee.

Respectfully Submitted,

/s/ Henry L. Penick

Henry L. Penick (Pen001)
Penick Law Firm, P.C.
2117-16th Avenue South
P.O. Box 967
Birmingham, Alabama 35201
Phone:  (205) 252-2538
Fax: (205) 251-0231
Email: hlpenick@bham.rr.com


Respectfully Submitted,

/s/ Jerald D. Crawford
Jerald D. Crawford, MSB # 103503
SCHWARTZ & ASSOCIATES, P.A.
162 E. Amite Street
Jackson, Mississippi 39207-3949

**CERTIFICATE OF SERVICE**

I hereby certify I electronically filed the foregoing with the Clerk of Court using the Electronic Filing system which will send notification of such filing and/or by placing copies thereof in the United States Mail, first class postage prepaid and properly addressed to the following, on this the 17th day of January, 2018:

Jim F. Spencer, Jr.
WATKINS & EAGER PLLC
P. O. Box 650
Jackson, MS 39295-0630

BRUCE L. JOHNSON
439 - Northside Dr. #105
Jackson, Mississippi 39206

MICHAEL L. KING
502 - East Fisher Street
Salisbury, NC 28144

WILLIAM HARRISON
124 - Knollwood Boulevard
Montgomery, Alabama 36117

/s/ Henry L. Penick